MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KATIE BURROUGHS MEDEARIS (CABN 262539)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    katie.medearis@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> RYAN ALLEN SISEMORE, <br>     a/k/a Ryan Allan Sisemore, <br> VICTOR EASLEY, <br> OSCAR VARGAS, <br> RONNIE RICHARD TURNER, <br>     a/k/a Ronnie Allen Turner <br>     a/k/a Ronnie Richard Allen Turner <br>     a/k/a Ronnie Richard Alle Turner, and <br> FIL FILIMON GUITRON III, <br>     Defendants. | CASE NO. 14-MG-70886-MAG <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DISCOVERY |

    The Government, by and through its attorney of record, and the defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follow:

    1.    Defendants Ryan Allen Sisemore, Victor Easley, Oscar Vargas, Ronnie Richard Turner, and Fil Filimon Guitron III (collectively, the "Defendants") were charged by complaint in the above-referenced matter in the Northern District of California with conspiracy and possession with intent to

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
14-MG-70886-MAG

distribute a controlled substance, to wit: heroin.

2. The United States believes that the proposed protective order is necessary to preclude some discovery materials, which may contain the identities of potential witnesses and/or cooperating witnesses or information from which those identities may be discovered, from being disseminated among members of the public and to the Defendants.  Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or the Defendants.

3. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, the Defendants, and other members of the community, as well as reduce the risk of retribution against cooperating witnesses by precluding the circulation of these documents and digital media (e.g., CD-ROMs, DVDs, and digital photographs) throughout the prison system and the community, while still permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution.  Accordingly, the parties jointly request that the Court order as follows:

   a. For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for each of the respective Defendants; (2) defense investigators assisting said counsel with their case; (3) employees of said counsel's law office; and (4) any expert witnesses who may be retained or appointed by said counsel.  For purposes of this Order, the term "defense team" <u>does not</u> include any of the Defendants.

   b. This protective order applies only to any discovery consisting of disclosures relating to the government's confidential source (hereafter, the "CS") in this case or any cooperating witnesses, including, but not limited to, the recorded meetings and telephone calls between the CS and any of the Defendants and any recorded safety valve, proffer or debrief sessions with cooperating witnesses.  The aforementioned disclosures are referred to herein as "Confidential Discovery."

   c. The defense team may object to the government's designation of materials that it believes should not be categorized as "Confidential Discovery," and may seek relief from the Court if the defense team disagrees with the government's designation.  However, the

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
14-MG-70886-MAG

defense team shall not dispute that any videos depicting the government's confidential source constitute Confidential Discovery.

    d.    The defense team shall not permit anyone, <u>including any of the Defendants</u>, to have possession of Confidential Discovery pursuant to this Order other than the defense team. The defense team will also not share or provide information regarding the Confidential Discovery to any other counsel of record (or his/her defense team) if the co-defendant's counsel has failed to join this stipulation.

    e.    The defense team shall not discuss the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the individual defendant that they represent. A defense team member may show Confidential Discovery to their particular defendant or a potential witness only in the physical presence of a defense team member, and may not permit any of the Defendants or the potential witness to have physical possession of the Confidential Discovery.

    f.    The defense team shall not permit Confidential Discovery, provided pursuant to this Order, to be outside of the defense team's offices, homes, vehicles, or personal control. The defense team may take Confidential Discovery into a custodial facility to show it to the Defendants, but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the Defendants to have physical possession of the Confidential Discovery.

    g.    In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

    h.    Upon request of the Government, the defense team shall return all Confidential Discovery provided pursuant to this Order to the government within fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the individual defendant that they represent; their individual defendant's acquittal by court or jury; the conclusion of any direct appeal involving their defendant; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255. In the event that the defense

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
14-MG-70886-MAG
3

team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "CONFIDENTIAL ATTORNEY WORK PRODUCT-DESTROY" and the government will dispose of the material accordingly.

  i. After return of the materials, the government may destroy the Confidential Discovery.

IT IS SO STIPULATED.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: August 13, 2014         /s/
KATIE BURROUGHS MEDEARIS
Assistant United States Attorney

DATED: August 13, 2014         /s/
ANGELA HANSEN
Counsel for Defendant FIL GUITRON, III

DATED: August 13, 2014         /s/
JULIA MEZHINSKY JAYNE
Counsel for Defendant RYAN SISEMORE

DATED: August 13, 2014         /s/
ADAM PENNELLA
Counsel for Defendant OSCAR VARGAS

DATED: August 13, 2014         /s/
SCOTT ALAN SUGARMAN
Counsel for Defendant RONNIE TURNER

DATED: August 13, 2014         /s/
KENNETH HOWARD WINE
Counsel for Defendant VICTOR EASLEY

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
14-MG-70886-MAG

1    IT IS SO ORDERED.

2

3  DATED: August 14 , 2014                    _____
                                              HONORABLE KANDIS WESTMORE
4                                             United States Magistrate Judge